**Charles T. MOORE, Plaintiff,**

v.

**Russell A. WELCH, District Director of Internal Revenue Bureau, and Donald Doyle, Collection Officer of Internal Revenue Bureau, Defendants.**

**Civ. No. 2046.**

United States District Court
S. D. Ohio, W. D.

Aug. 1, 1958.

Walter P. Reese, Dayton, Ohio, for plaintiff.

Hugh K. Martin, H. Donald Hawkins, Asst. U. S. Attys., Dayton, Ohio, for defendants.

CECIL, District Judge.

This case is before the Court for decision without trial, on briefs and depositions, pursuant to agreement between the parties, and on admissions to answers

and interrogatories by the plaintiff made at the defendants' request.

The plaintiff, in his complaint, seeks an injunction and other relief against the defendants to prevent them from taking the necessary legal steps to subject his property in satisfaction of an alleged deficiency in his 1947 income tax.

Defendants, on the other hand, contend that the deficiency assessment is valid and not within the prohibition of Section 272, Title 26 U.S.C.A., for the reason that notice of the deficiency assessment was sent to the taxpayer at his last known address, as determined by the representative of the Internal Revenue Service.

Whether or not the plaintiff taxpayer is entitled to the relief he seeks is to be determined by the validity of the deficiency assessment. In order for the assessment to be valid, the ninety-day deficiency notice required by Section 272 (k), supra, must have been sent by registered mail to the taxpayer at his last known address, as required by that section.

Briefly, the undisputed facts are these: On or before March 15, 1948, taxpayer, plaintiff herein, filed his income tax return for his fiscal year ending January 31, 1948, giving his address on the return as being the Belmont-Plaza Hotel, 49th St., and Lexington Avenue, New York, N. Y. In February, 1949, taxpayer left the hotel and moved to 333 East 47th St., New York, N. Y. In September, 1951, taxpayer moved to Washington, D. C., where he lived at 1330 Rhode Island Ave., until March, 1952. He left no forwarding address, nor did he notify the Commissioner of Internal Revenue when he left any of the above places of residence.

From June, 1945, to June, 1946, taxpayer, while operating as C. T. Moore, Inc., shared a steel warehouse at 831 East 140th St., New York, N. Y., with Service Steel Corporation. At this time, taxpayer became acquainted with one Thomas Hansen, President of Service Steel Corporation. To the best of plaintiff's knowledge, in 1947, Service Steel Corporation moved to 885 East 140th St., New York, N. Y.

The question involved is whether or not the required notice was sent to the taxpayer's last known address.

The relevant parts of Section 272, supra, are as follows: "(a) (1) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter, the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. Within ninety days after such notice is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day) the taxpayer may file a petition with the Tax Court of the United States for a redetermination of the deficiency. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety day period * * *. Notwithstanding the provisions of Section 3653(a) the making of such assessment or the beginning of such distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court."

"(k) * * * notice of a deficiency in respect of a tax imposed by this chapter, if mailed to the taxpayer at his last known address, shall be sufficient for the purposes of this chapter."

On December 7, 1951, the ninety-day statutory notice of deficiency was mailed by registered letter to 885 East 140th St., the address determined through investigation by defendants' agents to be the last known address of the taxpayer. This letter was returned by the Post Office because the addressee could not be found at that address.

On December 18, 1951, the Collector of Internal Revenue tried unsuccessfully to effect personal delivery of the notice at 831 and 885 East 140th St. Taxpayer was not found at either of these address-

es. Subsequent further attempts to notify the taxpayer were in vain.

Plaintiff taxpayer, in admissions made at the request of the defendant and in answer to interrogatories propounded to him under Rule 36, Federal Rules of Civil Procedure, 28 U.S.C.A., stated that he never made any use of 885 East 140th St., as an address for the receipt of mail or for any other purpose.

Defendants, apparently on the theory that Mr. Hansen was an agent of the plaintiff for the purpose of receiving mail at 885 East 140th St., offered the depositions of two representatives of the Internal Revenue Service in New York to prove such agency. Objections to this testimony were made on the ground of hearsay. These objections were well taken and should be sustained.

It is a well established rule that the admissions, statements and declarations of an agent, other than his testimony in the case in which the issue arises, are not admissible to prove agency. 2 Am.Jur. 352, Section 445, Agency.

There being no competent proof that 885 East 140th St., New York, was ever the address of the taxpayer, it cannot be considered to be the last known address of the taxpayer within the meaning of the statute. Therefore, the notice was insufficient and the assessment made was within the statutory prohibition of the Section and may be enjoined.

Had the defendants sent a notice to the address given in the taxpayer's 1947 tax return or the address given in subsequent years, there might well have been a valid notice.

Under Section 1346(a) (1) the District Court is the proper court to issue an injunction authorized by Section 272(a) (1).

The plaintiff may have an injunction enjoining the defendants from attempting to collect the tax deficiency under the particular assessment involved herein.

Plaintiff may have his costs of suit in accordance with 28 U.S.C.A. Section 2412.

An order may be drawn accordingly.